IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT A. HODES,

          Plaintiff,

v.                                                            Civil Action No. 07-0161(CKK)

UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT

          Defendant.

DEFENDANT'S MOTION FOR AN EXTENSION OF TIME
TO COMPLY WITH A PROVISION OF THE COURT'S JANUARY 31, 2008 ORDER
AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendant, the U.S. Department of Agriculture, by and through its undersigned attorneys, respectfully moves for an extension of time up to and including March 10, 2008, to produce information to plaintiff required by this Court's January 31, 2008 Order. Specifically, the Court ordered that the Defendant "release all non-exempt information to Hodes . . . no later than February 25, 2008." Pursuant to Local Rule 7(m), defendant's counsel contacted Mr. Hodes on February 25, 2008 and he indicated that he can not take a position on Defendant's Motion because of insufficient time to discuss this matter with his client. In support of the motion, Defendant states the following.

The Solicitor General's Office is responsible for making determinations on whether to appeal a District Court decision. Because that decision has not yet been made (and conveyed to defendant's undersigned counsel), defendant moves for the extension described herein. Defendant's position is consistent with applicable case law. In Providence Journal Co. v. FBI, 595 F.2d 889 (1st Cir. 1979), the plaintiff sought to obtain under the FOIA certain FBI

documents concerning a wiretap. The district court ordered the records disclosed. The First Circuit, after only a short stay was granted by the district court, recognized that failure to grant a stay would completely undercut the government's right to secure meaningful review, and that a stay would be detrimental to the plaintiff only to the extent that it postponed the moment of disclosure. In addressing the importance of granting a stay in cases where the disclosure of documents is sought, the First Circuit stated:

> This Court necessarily approaches the matter from a different perspective. While we give weight to the views of the District Court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court, <u>before it becomes irrevocable</u>. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. <u>The status quo could never be restored</u>.

<u>Id</u>. at 890 (emphasis added).

The Supreme Court has also determined that a stay of a disclosure order in a FOIA case pending appeal is clearly warranted. In <u>John Doe Agency v. John Doe Corp.</u>, 488 U.S. 1306 (1989), Justice Marshall held that compliance with a court's disclosure order creates an irreparable injury for the government because it moots any appeal from such an order. 488 U.S. at 1309. Similarly, in <u>Department of Justice v. Rosenfeld</u>, 501 U.S. 1227 (1991), the Court granted an application for a stay of a disclosure order in a FOIA case pending final disposition of the appeal of that order by the Ninth Circuit Court of Appeals.

As the cases cited above show, failure to defer release of the information at issue here would totally frustrate the government's right to appellate review and would result in irreparable harm. Once disclosure has been made, that harm cannot be remedied. Moreover, the effect on

plaintiff would be relatively insignificant because the requested extension here would merely postpone the moment of disclosure if the government ultimately decides not to appeal or is unsuccessful in the event an appeal is taken.

A proposed Order consistent with the relief requested herein is attached.

Date: February 25, 2008

                                  Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SCOTT A. HODES,**

      **Plaintiff,**

v.   Civil Action No. 07-0161(CKK)

**UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT**

      **Defendant.**

## ORDER

UPON CONSIDERATION of Defendant's Motion for Enlargement to Comply with Court Order, and the entire record herein, it is on this ___ day of _____, 2008,

ORDERED that Defendant shall have until March 10, 2008, to comply with the Court's Memorandum Opinion of January 31, 2008.

                                                           _____
                                                           United States District Judge